

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-87,811-01 & 87,811-02

### EX PARTE BAKARI ABDUL BROWN, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. CR30879-A & CR30880-A IN THE 253RD DISTRICT COURT FROM LIBERTY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and unlawful possession of a firearm by a felon and sentenced to two terms of life imprisonment. The Ninth Court of Appeals affirmed his convictions. *Brown v. State*, Nos. 09-15-00003-CR & 09-15-00004-CR (Tex. App.—Beaumont Mar. 15, 2017) (not designated for publication).

Applicant contends, among other things, that at the guilt stage of trial counsel failed to stipulate to Applicant's prior conviction for possession of a controlled substance and object when

the State elicited details about this conviction and introduced the judgment. Applicant also contends that at the guilt stage counsel failed to introduce an exculpatory affidavit signed by Judy Daniels.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the above claims and explain her trial strategy, if any, for his alleged deficient conduct. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall make findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:          October 10, 2018
Do not publish